1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOUIS R.D. ERVIN and VIRGINIA K. PALMER, <br><br> Plaintiffs, <br><br> v. <br><br> PORUS ADI IRANI; SHEGUFA ADI HAUBRICH, a/k/a SHEGUFA ADI IRANI; JUSTIN T. H. HAUBRICH; HIMANSHU DASONDI; TREATY ADI IRANI; JOHN HABURICH, BOMAN RUSTOM IRANI; MANAGING DIRECTOR OF RUSTOMJEE GROUP AND RUSTOMJEE BUILDERS; and KEYSTONE GROUP, <br><br> Defendants. | Case Number: C13-1373 RSM <br><br> ORDER ON MOTIONS |

THIS MATTER comes before the Court on Motion to Dismiss Plaintiffs' Case with Prejudice by Defendant Porus Adi Irani (Dkt. # 20), Motion to Dismiss by Defendant Justin T. H. Haubrich (Dkt. # 26), Motion for Summary Judgment by Plaintiff Louis R. D. Ervin (Dkt. # 27), and Motion to Serve Court Documents to Defendants S. Irani and Himanshu Dasondi by E-Email (Dkt. # 29). Having considered the parties' filings, Plaintiffs' Amended Complaint, and the remainder of the record, the Court grants Defendant Porus Adi Irani's Motion to Dismiss,

denies Plaintiffs' Motion for Summary Judgment, and strikes as moot Motion to Dismiss by Defendant Justin T. H. Haubrich and Plaintiffs' Motion to Serve by email. This case shall be dismissed with prejudice.

## Procedural Background

Plaintiffs Louis R. D. Ervin and Virginia K. Palmer, proceeding *pro se*, filed their initial complaint with this Court on August 5, 2013. The original complaint named eight defendants, five of whom it represented as residing in Mumbai, and stated in excess of twenty claims, principally under federal criminal statutes. The complaint provided a lengthy and nearly indecipherable account of altercations between Plaintiff Ervin and his estranged wife Defendant Shegufa Adi Irani and her brother, Defendant Porus Adi Irani, whom Ervin alleges induced him to move to India and to work in a family restaurant without pay. *See* Dkt. # 1.

On December 9, 2013, the Court entered an Order denying Plaintiffs' motions for temporary restraining order and for reconsideration and granting in part Defendants' motion to dismiss. Dkt. # 15. The Court therein determined that Plaintiffs had failed to make a *prima facie* showing of subject matter jurisdiction, to comply with the pleading requirements embodied in Federal Rule of Civil Procedure 8(a)(1), and to carry their burden to make a *prima facie* showing of personal jurisdiction over each of the Defendants. *Id.* In particular, the Court found that Plaintiffs could not cure jurisdictional defects against Defendants Boman Rustom Irani, John Haubrich, Treaty Adi Irani, and Rustomjee Builders, and dismissed all claims against each of them with prejudice. The Court further dismissed with prejudice all claims asserted under Chapter 18 of the United States Code and dismissed with leave to amend remaining claims against remaining Defendants for failure to plead sufficient facts to permit a finding of liability.

In so doing, the Court reminded Plaintiffs that they must comply with the stringent pleading requirements of Federal Rule of Civil Procedure 8(a) in amending their complaint and that failure to do so may result in the dismissal of the case in its entirety with prejudice under Rule 41(b). *Id.*

Plaintiffs filed their Amended Complaint on February 13, 2014, asserting claims against Defendants Porus Adi Irani, Shegufa Adi Haubrich, Justin T. H. Haubrich, and Himanshu Dasondi. Dkt. # 22. The Amended Complaint, construed liberally, asserts both federal question and diversity jurisdiction. The twenty-six page pleading, though difficult to decipher, appears to assert a variety of intra-family grievances, revolving around Plaintiff Ervin's belief that he was "being shut out of his family." *Id.* at p. 21. Most of its factual assertions are unhinged from any cause of action and include grievances regarding Defendant Shegufa Haubrich's control of their children, Plaintiff Ervin's belief that "[a]s a non-Parsi and non-Zoroastrian, [he] could never be equal in [the] eyes [of his family]" (*id.* at p. 14), Ervin's exclusion from Shegufa Haubrich's inheritance of a family restaurant (*id.* at p. 10), an alleged affair between Ervin's estranged wife and Defendant Dasondi (*id.* at p. 21), Defendants' alleged hosting on their website of the book "Bigot non Bigot" authored by and attributed to Plaintiffs (*id.* at p. 12), and Defendant Justin Haubrich's alleged stalking of Ervin on Facebook.com (*id.* at p. 16). The only grievance asserted with respect to Ervin's mother, Plaintiff Virginia Palmer, is that she received "failure to deliver messages most of the time" when she sent emails to unspecified recipients. *Id.* at p. 22.

Among its specific Causes of Action, Plaintiffs assert: (1) breach of a verbal agreement between Ervin and Defendant Porus Irani, (2) Intentional Infliction of Emotional Distress and Negligence, (3) Copyright and Lanham Act Violations regarding Plaintiffs' book, and (4) Kidnapping. Plaintiffs request thirteen categoriess of relief, including 70% of the value of

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant P. Irani's restaurant and half of its income, justification for keeping Plaintiff Ervin's children away from him, the return of his son and daughter, compensation for intellectual property infringement, personal damages for an assault carried out by a non-party in India, and attorney's fees for this and a pending case in Puna Family Court in India. Plaintiffs now move for summary judment on all of their claims, while Defendants Porus Adi Irani and Justin Haubrich move to dismiss the same. Plaintiffs also request permission to serve by email Defendants Shegufa Haubrich and Dasondi, who they contend are evading service. This Order resolves all pending Motions.

**Discussion**

**(1) Summary Judgment**

Federal Rule of Civil Procedure 56 permits parties to move for summary judgment on all or part of their claims. Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those that may affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In ruling on a motion for summary judgment, the court does "not weigh the evidence or determine the truth of the matter but only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco*, 41 F.3d 547, 549 (internal citations omitted). The moving party bears the initial burden of production and the ultimate burden of persuasion. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "[T]he inferences to be drawn from the underlying facts…must be viewed in the

light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiffs have failed to satisfy their burden to show that summary judgment in their favor is warranted. Plaintiffs neglect to assert any facts in support of their claims, or indeed even to state the claims on which they move for judgment as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(a) (requiring the moving party to identify each claim on which summary judgment is sought); Fed. R. Civ. P. 56(c) (requiring a party asserting that a fact cannot be genuinely disputed to support the assertion by citing to particular parts of materials in the record). Plaintiffs' Motion is instead limited to the naked and conclusory contentions that summary judgment is warranted because Defendants Himanshu Dasondi and Shegufa Haubrich refuse to respond, Defendant Porus Irani tries "to rely on some technicality," and Defendant Justin Haubrich attempts to "disassociate himself from the more serious allegations despite our evidence that he is a co-conspirator in an attempt to destroy us economically, steal our intellectual property and assassinate our characters." Dkt. # 27, p. 2. As to Defendants Dasondi and Shegufa Haubrich, Plaintiffs have neglected to show that they properly served their Amended Complaint, as set forth below. As to all Defendants, Plaintiffs have entirely failed to show that they are entitled to relief on any identified claims. Summary judgment must accordingly be denied.

**(2) Motion to Serve by Email**

The Court's decision to dismiss Plaintiffs' case, as provided below, renders moot Plaintiffs' request to serve Court documents by email on Defendants Shegufa Haubrich and Himanshu Dasondi. Dkt. # 29. As such, Plaintiff's instant Motion for alternative service will be stricken. The Court nonetheless notes that, absent dismissal, Plaintiff's request would be denied.

Service of process by email to a foreign defendant, pursuant to Federal Rule of Civil Procedure 4(f), may be permissible in circumstances where the defendant is evading service of process and service by email is the only method reasonably calculated to apprise defendant of the pendency of the action. *See, e.g.*, *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016- 18 (9th Cir. 2002); *Xcentric Ventures, LLC v. Karsen, Ltd.*, 2011 316966 (D. Ariz. 2011). Here, Plaintiffs have not shown that they ever attempted to properly serve Defendants with Court-issued summons, despite specific instructions by the Court to properly effect service in compliance with Federal Rule of Civil Procedure 4. *See* Dkt. # 10. Nor is there any indication on the docket that Plaintiffs have served the Amended Complaint on Defendants, as required by Federal Rule of Civil Procedure 5. *See* Fed. R. Civ. P. 5(a)(1)(C) (requiring that any pleading filed after the original complaint be served on every party). The exhibits attached to Plaintiffs' Motion further substantiate Plaintiffs' failure to properly serve Defendants. In the attached email correspondence, Defendant Shegufa Haubrich repeatedly rebukes Plaintiffs for failing to serve her with summons and complaint, and Plaintiff Ervin responds only that Court documents are available on www.pacer.gov. Dkt. # 29, p. 6. Not only is alternative service unavailable under these circumstances, but Plaintiffs' failure to serve Defendants within 120 days after their complaint was filed would also warrant dismissal of this action without prejudice. As the Court dismisses Plaintiff's case with prejudice on other grounds, it does not reach this issue.

**(3) Rule 12(b)(2) Dismissal for Lack of Personal Jurisdiction**

Defendant Porus Adi Irani has moved for dismissal of Plaintiffs' claims against him on the grounds that Plaintiffs have failed to establish that he is subject to this Court's jurisdiction. *See* Dkt. ## 20, 30. To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), Plaintiffs bear the burden to make a *prima facie* showing of

general or specific jurisdiction over each of the Defendants that they have sued. *Calder v. Jones*, 465 U.S. 783, 790 (1984) (explaining that "each defendant's contacts with the forum State must be assessed individually"). This Court has personal jurisdiction over a defendant where the defendant has "minimum contacts" with the State of Washington and the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945).

As the Court explained in its previous order dismissing Plaintiffs' original complaint (Dkt. # 15), Plaintiffs must make a *prima facie* showing that the Court possesses either "general jurisdiction" by virtue of a defendant's "continous and systematic" contacts with the forum state, or "personal jurisdiction." *See Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). Courts in this circuit evaluate the latter using a three-prong test, according to which: (1) the non-resident defendant must purposefully direct activities to the forum state, (2) the claim must arise out of or relate to the defendant's forum-related activites, and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004). Purposeful direction – the jurisdictional test's first prong – is also evaluated in an action sounding in tort under the three-part *Calder*-effects test. *Calder*, 485 U.S. 783. According to this test, a defendant has purposefully directed its activities at the forum state if it has (1) commited an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id.*

The Court agrees that Plaintiffs have failed to state facts to support the exercise of jurisdiction over Defendant Porus Irani. It is undisputed that the Court does not possess general jurisdiction over Irani, a resident of California who lacks "continuous and systematic" contacts

with the forum state. *Data Disc.*, 557 F.2d at 1287. As to the exercise of specific jurisdiction, Plaintiffs rely on conclusory assertions of law in their Amended Complaint that "[t]his court has personal jursdiction over Defendants under the test established in *Calder v. Jones*, 465 U.S. 783 (1984)" (Dkt. # 22, p. 2), and that "[t]he court has personal jurisdiction over crimes that were commited here in the city of Seattle in the state of Washington prior to our departure to India" (*id.* at p. 4). While the Court must accept as true uncontroverted allegations in Plaintiffs' Complaint, Plaintiffs are nonetheless required to back up legal conclusions with a showing of jurisdictional facts to avoid dismissal. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

While the Court recognizes that the *Calder* effects test may apply, as Plaintiffs have stated claims against Porus Irani sounding in tort, Plaintiffs must still make a *prima facie* showing of intentional acts by Porus Irani that were aimed at the forum state. Plaintiffs' sole allegation that could plausibly show express aiming concerned an email sent by Defendant Shegufa Haubrich (not Defendant Porus Irani) to Plaintiff Ervin while he resided in Seattle. Plaintiffs have failed to allege any facts, through their Amended Complaint or through affidavits or materials filed on the record, to make a facial showing (1) that Porus Irani purposefully directed any activities into Washington State, (2) that Plaintiffs' claims arise out of any activities occuring in Washington, and (3) that this Court's exercise of jurisdiction over Porus Irani would comport with fair play and substantial justice. As Plaintiffs have failed to meet their burden to allege jurisdictional facts, all claims shall be dismissed with respect to Defendant Porus Irani.

**(4) Rule 12(b)(6) Dismissal for Failure to State a Claim**

Defendant Porus Irani has also moved for dismissal of all of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. # 20, ¶ D; Dkt. # 30. Although Defendant

filed this Motion prior to the filing of Plaintiffs' Amended Complaint, the Court may sua sponte dismiss claims not addressed by Defendant without notice where the claimant cannot possibly win relief. *See Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Shoop v. Deutsche Bank Nat. Trust Co.*, 465 Fed.Appx. 646 (9th Cir. 2012) (district court did not error in dismissing an action sua sponte for failure to state a claim despite not providing notice and opportunity to oppose dismissal).

To survive a motion to dimiss for failure to state a claim under Rule 12(b)(6), a complaint must contain sufficient factual assertions, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 554, 570 (1995). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

The Court finds that Plaintiffs' Amended Complaint must be dismissed in its entirety for failure to state a claim. As to claims not directly addressed by Defendant Irani in his Motion, the Court finds notice of the possibility of dismissal unnecessary as Plaintiffs cannot possibly establish that they are entitled to relief and as Plaintiffs had an opportunity to address the viability of all of their claims through their summary judgment motion. *See Omar*, 813 F.2d at 991. Plaintiffs' first Cause of Action for breach of contract is based on an alleged oral agreement between Ervin and Porus Irani. Not only do Plaintiffs fail to allege the terms of this agreement that they believe Defendant Irani to have breached, but it appears from Plaintiffs' pleading that the agreement was entered into in 2002, and is thus barred by Washington's three-year statute of limitations for actions on an unwritten contract. RCW 4.16.080; *Malnar v. Carlson*, 128 Wash.2d 521, 529, 910 P.2d 455 (1996) (en banc) ("The statute of limitation for an action on a

contract or liability, express or implied, which is not in writing and does not arise out of any written instrument is three years. RCW 4.16.080.").

Plaintiffs' Second, Third, and Fourth Causes of Action for "willful and wanton conduct," "intentional infliction of emotional distress," and "intentional, negligent, and reckless conduct," are entirely frivolous and must also be dismissed. First, "willful or wanton conduct" is not a separate cause of action but rather "a level of intent which negates certain defenses which might be available in an ordinary negligence action." *Rodriguez v. City of Moses Lake*, 158 Wash.App. 724, 730 – 731, 253 P.3d 552 (Wash.Ct.App. 2010). As to Plaintiffs' Third and Fourth Causes of Action, Plaintiffs have failed to plead facts to support their claims.

The tort of intentional infliction of emotional distress, also known as the tort of outrage, requires proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wash.2d 192, 195, 66 P.3d 630 (2003) (en banc). The tort "does not extend to mere insults, threats, annoyances, petty oppressions, or other trivialities." *Id.* (internal citations omitted). The acts alleged in Plaintiffs' Amended Complaint, albeit difficult to decipher, do not arise to the level of outrageous conduct that could meet the claim's first prong. Rather, they concern minor oppressions, such as the loss of contact with Ervin's children and his marginalization within the family that, though they may be sincerely felt, are not legally cognizable as giving rise to a tort of outrage. Ervin has also failed to allege that he has suffered severe emotional distress as a result of these actions.

As to Plaintiffs' Cause of Action for negligence, Plaintiffs have failed to make the requisite showing that Defendants owed them any legal duty, not to mention that Defendants breached this duty in a way that caused harm to Plaintiffs. *See Christensen v. Royal School Dist.*

*NO. 160*, 156 Wash.2d 62, 124 P.3d 283 (2005)(en banc) ("A showing of negligence requires proof of the following elements: (1) existence of a legal duty, (2) breach of that duty, (3) an injury resulting from the breach, and (4) proximate cause.")

Plaintiffs' Causes of Action under the Copyright Act, 17 U.S.C. § 501 *et seq.*, and the Lanham Act, 15 U.S.C. § 1125 *et seq.*, are similarly unavailing. To establish copyright infringement, Plaintiffs must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 360 (1991). Despite being given leave to amend, Plaintiffs are still unable to show that they own a valid copyright. Thus even if the Court accepts as true Plaintiffs' unsupported assertion of copying, Plaintiffs cannot prevail on this claim.

Plaintiffs' claim for trademark infringement under the Lanham Act similarly fails, as Plaintiffs have failed to show the existence of a trademark. *See Comedy III Prod., Inc. v. New Line Cinema*, 200 F.3d 593, 594 (9th Cir. 2000) (providing that plaintiff bears the burden to prove (1) the existence of a trademark, and (2) the subsequent use by another in a manner likely to create consumer confusion). By Plaintiffs' own admission, he never published his book or sold a single copy and thus cannot credibly claim that he possesses a protected mark. *C.f. eAcceleration Corp. v. Trend Micro, Inc.*, 408 F.Supp.2d 1110, 1115 (W.D. Wash. 2006) (recognizing protected mark in plaintiff's established use of a stop-sign on widely sold computer security software packaging). Similarly, Plaintiffs cannot maintain a Lanham Act claim for false designation where they have failed to plead that Defendants made any false statement in a commercial advertisement.[1] By Plaintiffs' own admission, Defendants have merely maintained

---

[1] To prove a Lanham Act false-advertising claim, plaintiff must establish (1) defendant made a false statement of fact about its own or another's product in a commercial advertisement; (2) the statement actually deceived or had the

Ervin's work on their website with the proper authorship attribution. *See* Dkt. # 22, p. 12.

Further, Plaintiffs cannot maintain a Lanham Act claim where, as here, the product to which a

false statement, if made, would pertain was never used in interstate commerce. *See Haas*

*Automation, Inc. v. Denny*, 2013 WL 6502876, *10 (C.D. Cal. 2013) (holding that there can be

no liabilitiy for false designation with respect to domain names that were not used in commerce).

Plaintiffs again admits in their pleadings that Defendants never sold the book. *See* Dkt. # 22, p.

12.

Plaintiffs' remaining claims are no less frivolous. To maintain a cause of action for

defamation, for instance, Plaintiffs bear the burden to establish falsity, an unprivileged

communication, fault, and damages. *Mohr v. Grant*, 153 Wash.2d 812, 822, 108 P.3d 768 (2005)

(en banc). Plaintiffs' defamation claim fails because they have neglected to identify any specific

false statements made by Defendants that caused them injury and instead rely on vague

assertions of unspecified statements made by Defendants in Puna Family Court in India and to

passport authorities. *See* Dkt. # 22, p. 11. Plaintiffs' claim for "kidnapping and extortion,"

presumably made under 18 U.S.C. § 1201, must also be dismissed as, once again, the Court is

incapable of granting relief in the absence of a private right of action.

Having found that Plaintiffs' claims must be dismissed under Rule 12(b)(6), the Court

must determine whether this dismissal is to be with or without prejudice.[2] The Court has an

obligation to construe the pleadings of a *pro se* plaintiff liberally and to afford such a plaintiff the

---

tendency to deceive a substantial segment of defendant's audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) defendant caused its falsely advertised product to enter interstate commerce; and (5) plaintiff has been or is likely to be injured as the result of the false statement. *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003).

[2] As this Court dismisses Plaintiffs' Amended Complaint under Rule 12(b)(6), it need not reach Defendant Justin Haubrich's additional argument that the case should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The Court accordingly strikes Defendant Haubrich's Motion to Dismiss (Dkt. # 26) as moot.

ORDER ON MOTIONS — 12

benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). "[B]efore dismissing a *pro se* complaint the ... court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quotation omitted). At the same time, the district court may dismiss a *pro se* complaint where "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.*

The Court determines that dismissal of Plaintiffs' complaint with prejudice is appropriate at this juncture. The Court has already provided Plaintiffs with notice of the deficiencies in their pleadings, which they have failed to correct upon amendment. *See* Dkt. # 15. For the reasons discussed herein, the Court is persuaded that the many persistent problems with Plaintiffs' pleadings are fatal to their ability to state a claim, and that any further opportunity to amend would be futile.

The Court's decision to dismiss Plaintiffs' Amended Complaint with prejudice is bolstered by Plaintiffs' continued failing to follow the Court's pleading rules. In dismissing Plaintiffs' original complaint, the Court instructed Plaintiffs that their amended pleading must contain (1) a short and plain statement of the grounds for the Court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Each allegation in the complaint must also be simple, concise, and direct. Fed. R. Civ. P. 8(e). *See* Dkt. # 15, p. 10. Plaintiffs' twenty-six page Amended Complaint consists of a rambling, confusing litany of grievances disconnected from the many Causes of Action that Plaintiffs assert. As a whole, the Amended Complaint fails to clearly state specific allegations sufficient "to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Dismissal of this case with prejudice under Rule 41(b) is proper where Plaintiffs, after having been given notice of the deficiencies of their pleadings, file an Amended Complaint that is so confusing, verbose, and redundant that its colorable allegations, if any, are nearly impossible to discern. *Nevijel v. North Coast Life Ins. Co.*, 6521 F.2d 671, 673-74 (9th Cir. 1981) (dismissing with prejudice under Rule 41(b) a complaint characterized as "verbose, confusing and almost entirely conclusory"); *c.f. Hearns v. san Bernardino Police Dept.*, 530 F.3d 1124 (9th Cir. 2008) (ordering less drastic sanction where complaints, though long, were cogent and alleged viable claims). While dismissal with prejudice is a harsh remedy, so is the failure to dismiss a complaint with prejudice where such dismissal is warranted. *Id.* 1137-38 (Kleinfeld, J., dissenting in part). Allowing Plaintiffs to repeatedly amend a complaint without discernible substance renders an injustice to Defendants in this case, who must expend resources defending against frivolous allegations. This injustice also falls on litigants in other cases, who are forced to wait in line for the Court's attention as the Court spends days endeavoring to decipher Plaintiffs' pleadings. On account of the many deficiencies in Plaintiffs' Amended Complaint detailed in this Order, the Court is persuaded that it is time for this case to be closed.

## Conclusion

For the reasons stated herein, the Court hereby finds and ORDERS as follows:

(1) Defendant Porus Adi Irani's Motion to Dimiss Plaintiff's Case with Prejudice (Dkt. # 20) is GRANTED.

(2) Defendant Justin T. H. Haubrich's Motion to Dismiss (Dkt. # 26) is STRICKEN as MOOT.

(3) Plaintiffs' Motion for Summary Judgment (Dkt. # 27) is DENIED.

(4) Plaintiffs' Motion to Serve Court Documents (Dkt. # 29) is STRICKEN as MOOT. Plaintiffs' Amended Complaint shall be DISMISSED WITH PREJUDICE. This case is CLOSED.

Dated this 3rd day of October 2014.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE